

FILED
5/26/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JKS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WINSTON BATINO | Case No. **1:26-cr-00257**<br>**Judge Edmond E. Chang**<br>**Magistrate Judge Maria Valdez**<br>**Random/Cat 3**<br><br>Violations: Title 18, United States Code, Section 1343 and Title 26, United States Code, Section 7206(1)<br><br>**INFORMATION** |

## COUNT ONE

The UNITED STATES ATTORNEY charges:

1.      At times material to this information:

### *Individuals and Entities Involved*

a.      Defendant WINSTON BATINO, a resident of Chicago, Illinois, was an evangelist or minister at Church A located in Chicago, Illinois.

b.      BATINO held bank accounts at numerous financial institutions for which he had signatory authority.

c.      Victim A was an individual residing in Skokie, Illinois, and a member of Church A.

1

### *The Fraudulent Scheme*

2.     Beginning no later than in or around February 2020, and continuing through in or around May 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

WINSTON BATINO,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3.     It was part of the scheme that BATINO fraudulently solicited, obtained, and retained funds from victims, most of whom were members of Church A.

4.     It was further part of the scheme that BATINO fraudulently represented to the victims that the funds would be used to invest in luxury rehabilitation facilities which did not exist.

5.     It was further part of the scheme that BATINO executed agreements with victims, wherein he agreed to repay the entirety of their investments within a specified period of time, when he knew he did not have the capability to make these repayments.

6.     It was further part of the scheme that BATINO told victims that their funds would be invested for their benefit, knowing that he intended to use the investment funds for his own personal use.

2

7.     It was further part of the scheme that BATINO used the funds to pay debts to other victims and for personal expenses, including gambling.

8.     It was further part of the scheme that BATINO knowingly misrepresented and knowingly omitted material facts to victims concerning what he had done with their funds, including false statements and material omissions regarding whether those funds had been invested and how those funds had been used, in order to conceal his misappropriation of the funds.

9.     It was further part of the scheme that BATINO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

10.     As a result of the scheme, BATINO fraudulently misappropriated at least $2,000,000, from at least 40 victims.

11.     On or about January 8, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

WINSTON BATINO,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an electronic payment in the amount of approximately $46,500 from Victim A's bank account, through the Federal Reserve System, into a bank account held by BATINO.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

On or about October 17, 2022, at Chicago, in the Northern District of Illinois, Eastern Division,

### WINSTON BATINO,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2021, which return was verified by written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on Line 9 that the total income was $195,071, when defendant knew that the total income substantially exceeded that amount,

In violation of Title 26, United States Code, Section 7206(1).

*Andrew S. Boutros (by CAV)*

ANDREW S. BOUTROS
United States Attorney

4